00 DEC 18 PM 3:28
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.-MIA
D.C.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**IN ADMIRALTY**

00-4807

KEYSTONE SHIPPING COMPANY,
MARGATE SHIPPING COMPANY

Plaintiffs,

Case No.: CIV-KING

v.

MAGISTRATE JUDGE
O'SULLIVAN

M/V MANZANILLO, her engines, tackle, gear, appurtences, etc. *in rem,* and WOODLEY MARITME CORP., and COSTAMARE SHIPPING COMPANY, LTD. *in personam,*

Defendants.
_______________________________/

**VERIFIED COMPLAINT IN REM and IN PERSONAM**
**Rule 9(h)**

COME NOW, Plaintiffs, KEYSTONE SHIPPING COMPANY individually, and MARGATE SHIPPING COMPANY, individually and as owner of the *S.S. CHELSEA* by and through counsel, and pursuant to 28 U.S.C. §1333, Fed. R.Civ.P 9(h), and the Supplemental Rules for Certain Admiralty and Maritime Claims and Local Admiralty Rules, and hereby sues the Defendant, *M/V MANZANILLO, in rem,* and its owner, and operators and charterers, *in personam* for damages, and allege upon information and belief:

1. This is an admiralty and/or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. §1333, and Pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.



2. At and during all times hereinafter mentioned, KEYSTONE SHIPPING, COMPANY is a Delaware corporation, with principle place of business at 901 Market Street, Suite 3412, Wilmington, DE 19801, and with an office at One Bala Plaza East, Suite 600 Bala Cynwyd, Pennsylvania, and was and now is engaged in business as ocean carriers of merchandise for hire, and operated and managed the *S/S CHELSEA*, which was engaged in the carriage of oil products.

3. At and during all times hereinafter mentioned, MARGATE SHIPPING COMPANY was and is a Delaware corporation, with principle place of business at 901 Market Street, Suite 3412, Wilmington, DE 19801, and was and now is engaged in business as ocean carriers of merchandise for hire, and was the owner of the *S/S CHELSEA*, which was engaged in the carriage of oil products.

4. At and during all the times hereinafter mentioned, defendant WOODLEY MARITIME CORP., was and is a foreign corporation with a principle place of business in Pireaus, Greece and were and now are engaged in business as ocean carriers of merchandise for hire, and owned, operated, managed, and/or chartered and/or controlled the *M/V MANZANILLO* which now is or will be within the jurisdiction of this Court during the pendency of this action.

5. At and during all the times hereinafter mentioned, defendant COSTAMARE SHIPPING COMPANY, LTD. was and is a foreign corporation with a principle place of business at 60 Zefyron and Sygrov Street, 17564 Athens, Greece and were and now is engaged in business as ocean carriers of merchandise for hire, and owned,

operated, managed, and/or chartered and controlled and the *M/V MANZANILLO*, which now is or will be within the jurisdiction of this Court during the pendency of this action.

6. At and during all the times hereinafter mentioned, defendant *M/V MANZANILLO*, was a Greek flagged and registered containership, with a home port of Pireaus, Greece, Official Number L9110975, believed to be owned by defendant Woodley Maritime Corp, and believed to be operated by Costamare Shipping Company, Ltd. and is engaged in business as ocean carriers of merchandise for hire.

7. On or about January 29, 1998, during the evening hours, the *S/S CHELSEA*, properly manned, equipped, supplied and in all respects seaworthy, was inbound to the Port of Miami and traveling near the Navigable Channel, south and east of the Miami sea buoy.

8. On or about January 29 1998, the vessel *M/V MANZANILLO* was outbound from the Port of Miami bound for sea.

9. While the *S/S CHELSEA* was waiting to proceed inbound, it was struck and/or came into collision with *M/V MANZANILLO*, which had sailed from the Port of Miami. The collision caused substantial damage to the *S/S CHELSEA*.

10. The aforesaid collision and the resulting damage to *S/S CHELSEA* was not caused or contributed by any fault, neglect, or want of care on the part of Plaintiffs or *S/S CHELSEA* or of the persons in charge of her, or of any person for whom Plaintiffs were responsible, but was caused solely by and due wholly to the fault, neglect, and want of care of *M/V MANZANILLO* and those in charge of its navigation, operation

and/or management, who were the servants and/or employees of the *M/V MANZANILLO* .

11. By reason of the premises, Plaintiffs have sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the amount of Two Million Dollars ($2,000,000.00).

12. Venue is proper pursuant to 28 U.S.C. § 1391(b) (2) because the collision occurred within the District and upon the navigable waters at or near the Port of Miami. The majority of the witnesses and evidence are also located withing the district.

13. Venue, personal jurisdiction and subject matter jurisdiction are proper as the parties have executed Letters of Undertaking as posted security in lieu of arrest and stipulating to the jurisdiction of this Court. Further this is a maritime tort which falls within the jurisdiction of this Court. See Exhibit (A).

**Count I In Rem Claim vs. *M/V MANZANILLO***

Plaintiffs reaffirm and reallege paragraphs 1 through 13 as if fully set out herein and would further allege:

14. The *M/V MANZANILLO* and those in charge of her had a duty to the *S/S CHELSEA* and her crew to operate their vessel safely and with due regard to all navigational hazards, rules and regulations and statutes.

15. The *M/V MANZANILLO* breached its duty by numerous acts and omissions including but not limited to:

a. Breach of the passing arrangement and/or agreement;

b. Failure to obtain intent the of the *S/S CHELSEA* regarding a change of the passing agreement between the vessels;

c. Failure to use sound signals to indicate her intentions, (a violation of COLREGS, Rule 34);

d. Failure to obtain consent to change the passing arrangement;

e. Failure to obey the general prudential rule (a violation of COLREGS, Rule 2 );

f. Failure to properly test gear prior and synchronize logs prior to departing a United States' Port, a violation of 33 C.F.R 164.25.

g. Failure to use proper signaling in changing direction,(a violation of COLREGS, Rule 34(a));

h. Failure to maneuver properly in time to avoid collision between the two vessels pursuant to the Navigation Rules (a violation of COLREGS, Rules, 7, 8, 15 &16);

i. Failure to properly assess the risk of collision between the two vessels pursuant to International Rules, by use of all available means under the circumstances, (a violation of COLREGS, Rules 2, 7 & 8).

j. Changing passing arranging via radio or radiotelephone without properly assessing the risk of collision, failure to properly use the radio under Vessel Bridge-to-Bridge Radio Telephone Act;

k. Colliding with and making contact with the S/S CHELSEA.

m. The persons in charge of the *M/V MANZANILLO* were incompetent and were not attentive to their duties;

n. *M/V MANZANILLO* was not maintaining a proper and alert lookout pursuant to COLREGS, Rule 2, & 5;

o. *M/V MANZANILLO* failed to obey the navigation rules applicable to vessels passing or crossing in international waters, (a violation of COLREGS, Rule 2, & 15 );

p. *M/V MANZANILLO* was proceeding at a speed which was improper and excessive under the existing conditions, (a violation of COLREGS, Rule 2, 6, 7,& 8 );

q. *M/V MANZANILLO* failed to proceed with caution and with due regard for the existing circumstances and conditions; (a violation of COLREGS, Rule 2,6,7 & 8 )

r. *M/V MANZANILLO* failed to timely reduce its speed when it knew or should have known of the presence of other vessels, including *S/S CHELSEA*, (a violation of COLREGS, Rule 2, 6, 8);

s. *M/V MANZANILLO* improperly altered its course to starboard and attempted a port to port passing of *S/S CHELSEA* (a violation of COLREGS, Rule 2, 15, & 16 );

t. Failure to maneuver prudently when the risk of collision existed.(a violation of COLREGS, Rule 2, 7, 8, 15 & 16 )

16. Those in charge of the vessel failed to reduce, or order the pilot to reduce, the *M/V MANZANILLO's* speed when they knew or should have known of the presence of other vessels, they allowed the pilot to improperly alter the *M/V MANZANILLO*'s course to starboard and attempt a port to port passage inside the turning radius of both vessels, and as a direct result the vessels collided and the plaintiffs were damaged.

17. Those in charge of the vessel allowed the pilot to navigate the *M/V MANZANILLO* in a negligent and careless manner, did not relieving the pilot of the conn of the *M/V MANZANILLO* when it was clear, or should have been clear, that the pilot was navigating the vessel in a negligent fashion, and allowed the *M/V MANZANILLO* to be improperly manned, maintained and equipped, all which contributed to the cause of the collision.

18. Those in charge of the vessel failed to obey the navigation rules applicable to vessels passing and or crossing in international waters, and failed to correct the pilot's error in not following the aforesaid rules, and proceeding, or allowed the pilot to proceed, at a speed which was improper and excessive under the existing conditions. These actions were a direct and proximate cause of the collision.

19. Those in charge of the vessel proceeded or allowed the pilot to proceed, without caution and due regard for the existing circumstances and conditions and failed to ascertain if risk of collision existed. As a direct and proximate result of these actions, the vessel collided with the *S/S CHELSEA*.

20. As a result of the negligence of the persons in charge of the *M/V MANZANILLO* and its and unseaworthiness, as enumerated above, the collision occurred and the plaintiffs were damaged.

21. As a direct result of these acts of negligence, the *S/S CHELSEA* and/or operators or owners, operators or charterers sustained damages. Physical damage and repairs to the vessel are in excess of $1,100,000.00, Loss of use and/or Charter Hire and incidental and consequential damages, are in excess of $500,000.00 plus interest and costs. Total damages, as can nearly be ascertained, are in excess of Two Million Dollars ($2,000,000.00).

**Count II Negligence against Defendants *in personam***

Plaintiffs reallege and reaffirm the allegations of paragraphs 1 through 13 above and further alleges as follows:

22. The *M/V MANZANILLO* interests as owner, operator and charterer and her crew had a duty to the *S/S CHELSEA* and her crew to operate the vessel safely and with due regard to all navigational hazards and regulations and rules.

23. The *M/V MANZANILLO* interests breached that duty by several acts and omissions including but not limited to:

a. Breach of the passing arrangement and/or agreement;

b. Failure to obtain intent the of the *S/S CHELSEA* regarding a change of the passing agreement between the vessels;

c. Failure to use sound signals to indicate her intentions, (a violation of COLREGS, Rule 34);

d. Failure to obtain consent to change the passing arrangement;

e. Failure to obey the general prudential rule (a violation of COLREGS, Rule 2 );

f. Failure to properly test gear prior and synchronize logs prior to departing a United States' Port, a violation of 33 C.F.R 164.25.

g. Failure to use proper signaling in changing direction,(a violation of COLREGS, Rule 34(a));

h. Failure to maneuver properly in time to avoid collision between the two vessels pursuant to the Navigation Rules (a violation of COLREGS, Rules, 7, 8, 15 &16);

i. Failure to properly assess the risk of collision between the two vessels pursuant to International Rules, by use of all available means under the circumstances, (a violation of COLREGS, Rules 2, 7 & 8).

j. Changing passing arranging via radio or radiotelephone without properly assessing the risk of collision, failure to properly use the radio under Vessel Bridge-to-Bridge Radio Telephone Act;

k. Colliding with and making contact with the S/S CHELSEA.

m. The persons in charge of the *M/V MANZANILLO* were incompetent and were not attentive to their duties;

n. *M/V MANZANILLO* was not maintaining a proper and alert lookout pursuant to COLREGS, Rule 2, & 5;

o. *M/V MANZANILLO* failed to obey the navigation rules applicable to vessels passing or crossing in international waters, (a violation of COLREGS, Rule 2, & 15 );

p. *M/V MANZANILLO* was proceeding at a speed which was improper and excessive under the existing conditions, (a violation of COLREGS, Rule 2, 6, 7,& 8 );

q. *M/V MANZANILLO* failed to proceed with caution and with due regard for the existing circumstances and conditions; (a violation of COLREGS, Rule 2,6,7 & 8 )

r. *M/V MANZANILLO* failed to timely reduce its speed when it knew or should have known of the presence of other vessels, including *S/S CHELSEA*, (a violation of COLREGS, Rule 2, 6, 8);

s. *M/V MANZANILLO* improperly altered its course to starboard and attempted a port to port passing of *S/S CHELSEA* (a violation of COLREGS, Rule 2, 15, & 16 );

t. Failure to maneuver prudently when the risk of collision existed.(a violation of COLREGS, Rule 2, 7, 8, 15 & 16 )

u. Failure to follow the standards set in the STCW and ISM code applicable at the time of collision.

24. Those in charge of the vessel failed to reduce, or order the pilot to reduce, the *M/V MANZANILLO's* speed when they knew or should have known of the presence of other vessels, and allowed the pilot to improperly alter the *M/V MANZANILLO*'s

course to starboard and attempt a port to port passage inside the turning radius of both vessels. As a direct and proximate result of these actions, the vessels collided and the plaintiffs were damaged.

25. Those in charge of the vessel allowed the pilot to navigate the *M/V MANZANILLO* in a negligent and careless manner, did not relieving the pilot of the conn of the *M/V MANZANILLO* when it was clear, or should have been clear, that the pilot was navigating the vessel in a negligent fashion, and allowed the *M/V MANZANILLO* to be improperly manned, maintained and equipped, all which contributed to the cause of the collision.

26. Those in charge of the vessel failed to obey the navigation rules applicable to vessels passing and or crossing in international waters, and failed to correct the pilot's error in not following the aforesaid rules, and proceeding, or allowing the pilot to proceed, at a speed which was improper and excessive under the existing conditions. As a direct and proximate result of these actions, the vessels collided and the plaintiffs were damaged.

27. Those in charge of the vessel proceeded, or allowed the pilot to proceed, without caution and due regard for the existing circumstances and conditions and failed to ascertain if risk of collision. As a direct and proximate result of these actions, the vessels collided and the plaintiffs were damaged.

28. As a result of the negligence of the persons in charge of the *M/V MANZANILLO* and her unseaworthiness, as enumerated above, the collision occurred and the plaintiffs were damaged.

29. As a direct result of these acts of negligence, the *S/S CHELSEA* and/or operators or owners, operators or charterers sustained damages. Physical damage and repairs to the vessel are in excess of $1,100,000.00, Loss of use and/or Charter Hire and incidental and consequential damages, are in excess of $500,000.00 plus interest and costs. Total damages, as can nearly be ascertained, are in excess of Two Million Dollars ($2,000,000.00).

WHEREFORE, Plaintiffs pray:

30. That process in due form of law according to the practice of this Court may issue against defendants.

31. This if Defendants cannot be found within this District, that all their property within this District and in particular the subject vessel, be attached in the sum set forth in this Verified Complaint, with interest and costs or suitable security be posted for the damages alleged.

32. That a decree may be entered in favor of Plaintiff against Defendants for the amount of Plaintiffs' damages together with interest and costs.

33. That process in due form of law according to the practice of this Court may issue against the aforesaid named vessel, and that the subject vessel be detained within this District to pay for the claims and losses of the Plaintiffs.

34. Plaintiffs, Keystone, Shipping Company and Margate Shipping Company demand judgment in the full measure of its damages against the *M/V MANZANILLO*, interests and her owners, operators, and charterers, jointly and severally, with interest thereon at the legal rate from the date of the collision, and Plaintiffs' costs and disbursements herein, reasonable attorneys' fees, and such other and further relief as may be just in the premises.

Dated: 12/14/00

Reginald M. Hayden, Jr.
FBN: 097106
Matthew J. Valcourt
FBN 88791
HAYDEN & MILLIKEN, P.A.
615 De Leon Street
Tampa, Florida 33606
(813) 251-1770
(813) 254-5436 Fax
Attorneys for Plaintiffs

**VERIFICATION**

**STATE OF FLORIDA**

**COUNTY OF HILLSBOROUGH**

**BEFORE ME**, the undersigned authority, personally appeared Matthew J. Valcourt who was duly sworn and says:

1. That he is attorney for Keystone Shipping Company and Margate Shipping Company and the *S/S CHELSEA*, the Plaintiffs in this case, that he has read the foregoing Verified Complaint and is familiar with its contents which are true to the best of his information and belief. The sources of his information and the grounds for his beliefs are a review of various documents relating to this matter, his investigation of the collision, and interview with various witnesses.

2. Affiant further states that he has executed this Verification on behalf of the Plaintiff because there is no officer or director of the Plaintiff presently within the District and Jurisdiction of this Court.

FURTHER AFFIANT SAYETH NOT.

Matthew J. Valcourt

**SWORN TO AND SUBSCRIBED** before me on December 14, 2000.

NOTARY PUBLIC, STATE OF FLORIDA AT LARGE

Timothy P. Shusta
Print Name

MY COMMISSION EXPIRES: ___________

NOTARY PUBLIC STATE OF FLORIDA
TIMOTHY P. SHUSTA
MY COMMISSION # CC 789409
EXPIRES: 11/08/2002
1-800-3-NOTARY Fla. Notary Services & Bonding Co

LAW OFFICES
**HAYDEN AND MILLIKEN, P.A.**
5915 PONCE DE LEON BOULEVARD
SUITE 63
MIAMI, FLORIDA 33146-2435
TELEPHONE (305) 662-1523
FAX (305) 663-1358
E-MAIL <hmmiami@gate.net>

PORT CANAVERAL, FL OFFICE
SUITE 5
101 GEORGE KING BOULEVARD
CAPE CANAVERAL, FLORIDA 32920
TELEPHONE (407) 868-0772
FAX (407) 868-5000

TAMPA, FL OFFICE
615 DeLEON STREET
TAMPA, FLORIDA 33606-2736
TELEPHONE (813) 251-1770
FAX (813) 254-5436

Please Reply To: Miami

May 11, 1999

TO: Owners of the M/V MANZANILLO
- and -
The Swedish Club
c/o Badiak Will & Kallen
255 Alhambra Circle, Suite 425
Coral Gables, Florida 33134

Attn.: Martin L. Lindahl, Esq.

Re: M/T "CHELSEA" Collision with M/V "MANZANILLO" off Miami on or about January 30, 1999

**LETTER OF UNDERTAKING**

Gentlemen:

In consideration of your refraining from arresting, or otherwise detaining, the S.S. CHELSEA or any other vessel or property with the same ownership, management, possession or control in connection with any claim arising out of the abovementioned incident, the undersigned association agrees, on behalf of itself and the owners and demise charterers of S.S. CHELSEA, the S.S. CHELSEA lost or not lost, in or out of the jurisdiction:

1. That should the parties be unable to amicably settle any claims each may have against the other resulting from the referenced incident that jurisdiction shall lie in the U.S. District Court for the Southern District of Florida.

2. To cause to be entered an appearance and claim of owner on behalf of the S.S. CHELSEA in any action filed in the U.S. District Court for the Southern District of Florida against said vessel and/or its owners, seeking recovery for damages to the M/V MANZANILLO sustained by its owner or operator arising from the above-captioned collision, whether or not the S.S. CHELSEA be within the jurisdiction of said Court, and whether the S.S. CHELSEA be lost or not lost, it being agreed that



any appearance, claim or answer shall be entirely without prejudice to any rights or defenses of the S.S. CHELSEA, her claimants, her owners or her underwriters.

3. In the event a final judgment (after appeal, if any) be entered in favor of the owners or those with an interest in the M/V MANZANILLO, for damages arising from the afore-described incident in connection with any suit filed in the above-described Court, the undersigned agrees to pay and satisfy same up to an amount of USD $694,400.00, inclusive of interests and costs, or any lesser amount decreed by the Court or settled between the parties without final decree being entered.

4. Upon demand or Court Order, to cause to be filed a bond in form and sufficiency in surety satisfactory to the Court in the amount of USD $694,400.00, inclusive of interest and costs, or the amount required by the Court, if less, S.S CHELSEA lost or not lost.

5. In the event the bond referred to in subdivision 4, above, is filed, the undersigned shall have no further obligations under subdivision 3 above.

This letter of undertaking has the same legal effect as if the S.S. CHELSEA had been arrested pursuant to a U.S. District Court Warrant of Arrest and this letter was posted as security in exchange for the vessel's release.

This letter is binding in all respects for all purposes whether the S.S. CHELSEA be lost or not lost, in port or not in port, within or not within the jurisdiction of the U.S. District Court, Southern District of Florida.

This letter is written entirely without prejudice to any rights or defenses which the S.S. CHELSEA or its owners, operators, or other interested parties may have, none of which are to be considered as waived, except for any defense raised by the owners of the S.S. CHELSEA or the Steamship Mutual Underwriting Association, (Bermuda) Limited that the owners are not a proper party pursuant to any demise charter as to payment under this Letter of Undertaking.

This Letter of Undertaking binds the undersigned up to the amount stated herein solely and completely and is not contingent upon any contribution from any other party including, but not limited to, any other underwriters participating in any insurance policies in force in favor of the S.S. CHELSEA at the time of referenced incident, any such contributions being solely the responsibility of the undersigned and not that of the owners or insurers of the S.S. CHELSEA.

This Letter of Undertaking shall be subject to U.S. Law and the jurisdiction of the U.S.

District Court, Southern District of Florida.

It is understood and agreed that the signing of this letter by the individual indicated is not to be construed as binding upon said individual personally, but binding only upon the principal for whom he has executed this Letter of Undertaking as a valid and binding representative of said party.

Very truly yours,

Steamship Mutual Underwriting Association, (Bermuda) Limited.

By: ______________________
Reginald M. Hayden, Jr.

As Attorney-in-Fact for the above limited purpose only pursuant to authority received from Steamship Mutual Underwriting Association (Bermuda) Limited through Steamship Mutual Underwriting Association, (Bermuda) Limited, letter dated May 4, 1999.

TO: Owners of the S.S. CHELSEA
- and -
The Steamship Mutual Underwriting Association (Bermuda) Limited

c/o HAYDEN & MILLIKEN, P.A.
5915 Ponce De Leon Blvd.
Suite 63
Miami, FL 33146-2435

Attn.: Reginald M. Hayden, Jr.

Re: M/V "MANZANILLO" Collision with S.S. "CHELSEA" off Miami on or about January 30, 1999

## LETTER OF UNDERTAKING

Gentlemen:

In consideration of your refraining from arresting, or otherwise detaining the M/V "MANZANILLO" or any other vessel or property with the same ownership, management, possession or control in connection with any claim arising out of the abovementioned incident, the undersigned association agrees, on behalf of itself and the owners and charterers of M/V "MANZANILLO", the M/V "MANZANILLO" lost or not lost, in or out of the jurisdiction:

1. That should the parties be unable to amicably settle any claims each may have against the other resulting from the referenced incident that jurisdiction shall lie in the U.S. District Court for the Southern District of Florida.

2. To cause to be entered an appearance and claim of owner on behalf of the M/V "MANZANILLO" in any action filed in the U.S. District Court for the Southern District of Florida against said vessel and/or its owners, seeking recovery for damages to the S.S. CHELSEA sustained by its owner, manager, charterers and/or operator arising from the above-captioned collision, whether or not the M/V "MANZANILLO" be within the jurisdiction of said Court, and whether the M/V "MANZANILLO" be lost or not lost, it being agreed that any appearance, claim or answer shall be entirely without prejudice to any rights or defenses of the M/V "MANZANILLO", her claimants, her owners or her underwriters.

3. In the event a final judgment (after appeal, if any) be entered in favor of the owners or those with an interest in the S.S. CHELSEA, for damages arising from the afore-described incident in connection with any suit filed in the above-described Court, the undersigned agrees to pay and satisfy same up to an amount of USD $1,112,558.17, inclusive of interests and costs, or any lesser amount decreed by the Court or settled between the parties without final decree being entered.

4. Upon demand or Court Order, to cause to be filed a bond in form and sufficiency in surety satisfactory to the Court in the amount of USD $1,112,558.17, inclusive of interest and costs, or the amount required by the Court, if less, M/V "MANZANILLO" lost or not lost.

5. In the event the bond referred to in subdivision 4, above, is filed, the undersigned shall have no further obligations under subdivision 3 above.

This letter of undertaking has the same legal effect as if the M/V "MANZANILLO" had been arrested pursuant to a U.S. District Court Warrant of Arrest and this letter was posted as security in exchange for the vessel's release.

This letter is binding in all respects for all purposes whether the M/V "MANZANILLO" be lost or not lost, in port or not in port, within or not within the jurisdiction of the U.S. District Court, Southern District of Florida.

This letter is written entirely without prejudice to any rights or defenses which the M/V "MANZANILLO" or its owners, operators, or other interested parties may have, none of which are to be considered as waived except for any defenses raised by the owners of the M/V "MANZANILLO" or the Swedish Club that the owners are not a proper party pursuant to any demise charter, bareboat charter, voyage charter or time charter as to payment under this Letter of Undertaking

This Letter of Undertaking binds the undersigned up to the amount stated herein solely and completely and is not contingent upon any contribution from any other party including, but not limited to, any other underwriters participating in any insurance policies in force in favor of the M/V "MANZANILLO" at the time of referenced incident, any such contributions being solely the responsibility of the undersigned and not that of the owners or insurers of the M/V "MANZANILLO".

This Letter of Undertaking shall be subject to U.S. Law and the jurisdiction of the U.S. District Court, Southern District of Florida.

It is understood and agreed that the signing of this letter by the individual indicated is not to be construed as binding upon said individual personally, but binding only upon the principal for whom he has executed this Letter of Undertaking as a valid and binding representative of said party.

Very truly yours,

By: ____________________
Sveriges Ångfartygs Assurans Förening (The Swedish Club)

By: ____________________
MARTIN L. LINDAHL
As Attorney-in-Fact for the above limited purpose only pursuant to authority received from Sveriges Ångfartygs Assurans Förening (The Swedish Club) through The Swedish Club Service Centre Ltd. on May 10, 1999 (Gothenburg)

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET 00-4807

CIV-KING

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

KEYSTONE SHIPPING COMPANY,
MARGATE SHIPPING COMPANY

**DEFENDANTS**

M/V MANZANILLO, her engines, tackle, gear, appurtenances, etc., in rem, and WOODLEY MARITIME CORP., and COSTAMARE SHIPPING COMPANY, LTD., in personam

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ______
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ______
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

A Dade 00-4807 CV JLK/O'Sullivan

MAGISTRATE JUDGE O'SULLIVAN

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Matthew J. Valcourt
HAYDEN & MILLIKEN, P.A.
615 De Leon Street
Tampa, FL 33606

Rec 12/18/00 Atty Matthew Valcourt D) Dade Rec

ATTORNEYS (IF KNOWN)

Martin L. Lindahl
BADIAK, WILL & KALLEN
255 Alhambra Circle, Ste. 425
Coral Gables, FL 33134

00 DEC 18 PM

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(PLACE AN "X" IN ONE BOX ONLY)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☒ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury — Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

HABEAS CORPUS:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS — Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

**V. ORIGIN** *(PLACE AN "X" IN ONE BOX ONLY)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

In the Southern District Court in Miami Maritime Tort pursuant to jursdiction under 28 USC sec. 1333, and Fed R.Civ.P9(h) and General Maritime Law.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND** $2,000,000

CHECK YES only if demanded in complaint: **JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S)** (See instructions): **IF ANY** JUDGE ______ DOCKET NUMBER ______

DATE 12/12/00 SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # 833802 AMOUNT 150.00 APPLYING IFP 12/18/00 JUDGE ______ MAG. JUDGE ______